UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA HAREWOOD-BEY, et al.,

                Plaintiffs,

-against-

PRESIDENT JOE BIDEN, et al.,

                Defendants.

22-CV-1472 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Diana Harewood-Bey, who is proceding *pro se*, brings this action individually and on behalf of two other plaintiffs. She filed this action in the United States District Court for the Eastern District of Pennsylvania, but on January 24, 2022, Judge Gerald A. McHugh transferred the complaint to this Court. Because Plaintiff Harewood-Bey submitted the complaint without the filing fees or a request for authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, on April 11, 2022, the Court directed her to either pay the $402.00 in fees that are required to file a civil action in this court or submit, within 30 days, a completed IFP application.

    In response to the Court's April 11, 2022, order, Plaintiff submitted a letter indicating that she does not have to pay the fees and attached copies of documents from a case in the Westchester County Supreme Court. (ECF 8.) In the letter, Plaintiff asserts the following:

> Plaintiff Diana Harewood-Bey, who is proceeding pro se, has 8 defendants in the civil action complaint in the Supreme Court on December 23, 2021. A fee for $210 was paid to Timothy C. Udoni county clerk county of Westchester. no state shall pass any law in any way interfering with justice or from labor or service or any law of congress made under article four, section 2 of this constitution and all laws in violation of this section made on complaint made by any person or state, be declared void by the Supreme Court of the United States. The privilege of writ of Habeas Corpus shall never be suspended in the presence of the judicial authority.

> The Supreme Court assigned Diana HAREWOOD-Bey an index number 67667/2021 and summons were served to each defendant by the Sheriffs where they do business. Mayor Kathy Kochul, mayor Bill de Blassio, Biljiana Stojadinovic, Marie Kingsley, President Joe Biden, honorable judge Samuel Alita, Neil Gorsuch and Clarence Thomas. Enclosed are copies of all documents that have been served to the defendants.
>
> After serving the complaint of the summon to the three judges in Pennsylvania honorable judge Mc Hugh was assigned. Judge Mc Hugh gave another case number 22-CV-00169-GAM and transferred the case back to New York to The United States District Court for the Southern district of New York and the case number is 22-CV-1472.

(ECF 8, at 1.)[1]

Because Plaintiff Harewood-Bey proceeds in this matter *pro se*, the Court grants her another opportunity to pay the filing fees or submit an IFP application for *this* action. Plaintiff Harewood-Bey must comply with this order within 30 days of the date of this order.

## DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee. *See* 28 U.S.C. § 1914(a). An action may proceed without prepayment of the fee only if the litigant is granted leave to proceed IFP under 28 U.S.C. § 1915(a). The federal IFP statute, 28 U.S.C. § 1915, is intended to guarantee that no citizen shall be denied access to the courts "solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute ensures "that indigent persons have equal access to the judicial system" as those who can afford payment of court fees. *Hobbs v. Cnty. of Westchester*, No. 00-CV-8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002). A person need not be "absolutely destitute" to proceed

---

[1] The Court quotes the letter verbatim. All errors are in the original.

IFP. *Adkins*, 335 U.S. at 339. Rather, a person seeking IFP status need only declare that he "cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Id*. Courts "have broad discretion to determine whether a litigant has sufficiently demonstrated poverty." *Alli v. Moore*, No. 14-CV-6597 (AT), 2015 WL 5821174, at *1 (S.D.N.Y. Sept. 15, 2015) (citations omitted).

Plaintiff Harewood-Bey does not have a right of free access to the federal court for this action, even if she paid fees in a related state court matter. To proceed with this action, Plaintiff Harewood-Bey must either pay the $402.00 in fees or submit the attached IFP application. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to either pay the $402.00 filing fees or submit an IFP application. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 27, 2022
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge