UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA HAREWOOD-BEY, et al,

                              Plaintiffs,

                -against-

PRESIDENT JOE BIDEN, et al.,

                              Defendants.

22-CV-1472 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Diana Harewood-Bey brings this *pro se* action, for which the filing fees have

been paid, on behalf of herself, Lisa Warburton-El, and the Federation Moorish Science Temple

of America. She alleges that Defendants violated their religious rights. For the reasons set forth

below, the Court grants Plaintiff Harewood-Bey leave to file an amended complaint within 60

days of the date of this order.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a

claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

omitted).

The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Harewood-Bey commenced this action by filing a complaint captioned for the New York Supreme Court, Westchester County, in the United States District Court for the Eastern District of Pennsylvania.[1] Although the complaint is signed only by Plaintiff Harewood-

---

[1] According to public records maintained by the New York State Unified Court System, on December 20, 2021, Plaintiff Harewood-Bey filed an exact duplicate of the complaint in the Westchester County Supreme Court. *See Federation Moorish Science Temple of America, et al. v. President Joe Biden et al.*, No. 67667/2021. Other than the filings of the summons and complaint, an amended summons, and exhibits concerning her filings in the Eastern District of Pennsylvania – documents that Plaintiff Harewood-Bey has also filed in this action – there are no

Bey, she seeks to bring claims on behalf of herself, Lisa Warburton-El, and the Federation

Moorish Science Temple of America ("Moorish Science Temple"). Named as defendants are

President Joe Biden, New York Governor Kathy Hochul,[2] Judge Clarence Thomas, Judge

Samuel Alito, Judge Neil Gorsuch, Mayor Bill de Blasio, Floral Agency, Biljiana Stodjadinovic,

and Marie Kingsley. By order dated January 24, 2021, the Eastern District of Pennsylvania

transferred the matter to this Court because most of the parties named in the complaint are

located in the Southern District of New York. (*See* ECF 3.)

The Court understands Plaintiff Harewood-Bey to be alleging a claim concerning

religion. She alleges that she and Warburton-El are members of the Moorish Science Temple,

and that the "5th circuit court of appeals paused implementation of a rule requiring companies

that employ more than 100 workers to mandate either vaccination or testing."[3] (ECF 1 ¶ 3.)

Plaintiff Harewood-Bey further asserts that

> [t]he defendants broke the oath of the first amendment of religious freedom in
> privilege of the writ of Habeas Corpus shall not be suspended, unless when in
> case of rebellion or invasion. The legal right to oppose citizens, individuals and
> organizations alike for their religious belief does not exist in the United States.
> Human rights is important to a relationship that exists between citizens,
> individuals and organizations. Human rights mean the states has to look after the
> basic need of the people and protect some of their freedom[.]

(*Id*. ¶ 4.) Plaintiff Harewood-Bey also alleges that the Moorish Science Temple "practices their

religion and dietary medical issue exemption in compliance with New York codes, Rules and

regulations Title 10,sections 66-2.2e and 751.6(7)." (*Id*. ¶ 5.) Plaintiff Harewood-Bey then

---

other activities showing since January 27, 2022, on the publicly available docket of the state-
court case.

[2] Plaintiff incorrectly lists the Governor as "Kathy Kochul." (ECF 1, at 1.)

[3] Except where indicated by brackets, the Court quotes the complaint verbatim. All errors
are in the original.

asserts that Defendants "broke their oath" by [d]enying religious rights to the Moors and any one

for that matter," and that constitutes "genocide and a crime against humanity" and "a violation of

Nuremberg law of the United Nations." (*Id*. ¶ 6.) Plaintiff Harewood-Bey concludes with

statements that Defendants do not have powers that are expressly reserved to the States in the

Constitution and that they "do not have the authority or violate the plaintiff's freedom." (*Id*. ¶ 8.)

On February 8, 2022, Plaintiff Harewood-Bey also submitted to the Eastern District of

Pennsylvania a package of exhibits (ECF 5) that included the following documents: (1) a copy of

that court's notice of guidelines to persons representing themselves; (2) copies of documents

from the Westchester County Supreme Court case, including a copy of the complaint; (3) a

December 13, 2021, letter from the New York State Department of Labor (DOL) indicating that

Plaintiff Harewood-Bey had been discharged from her employment and was seeking

unemployment benefits; (4) Plaintiff Harewood-Bey's application to the DOL, in which she

indicated that her former employer, Emerald Park Nursing Rehabilitation (Floral Agency)

located in Peekskill, New York, terminated her employment for her failure to get vaccinated after

it denied her a religious exemption; (4) a July 3, 2021, letter from the Moorish Science Temple

requesting that Plaintiff Harewood-Bey be exempt from her employer's immunization

requirements;[4] (5) a "Refusal to Consent to Vaccination" for Plaintiff Harewood-Bey that is

almost illegible (ECF 5, at 13); and (6) a September 15, 2021, letter, from Plaintiff Harewood-

Bey to unspecified persons, stating that the rejection of her request for religious exemption from

the COVID-19 vaccine violates her constitutional rights.

Plaintiff does not explain what relief she is seeking.

---

[4] The letter is written by Lisa Warburton-El, who is identified as the "Grand Sheikess and Divine Minister of the Federation : Moorish Science Temple of America, Inc." located in Putnam, New York. (ECF 5, at 11.)

**DISCUSSION**

**A.     *Colorado River* Abstention**

Because the claims that Plaintiff raises in this complaint have been raised and are pending

in the Westchester County Supreme Court, *see Federation Moorish Science Temple of America,*

*et al. v. President Joe Biden et al.*, No. 67667/2021, this Court must consider whether it should

abstain from exercising jurisdiction of this action.

Generally, "[w]here a federal court has subject matter jurisdiction, it has a virtually

unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter

is pending in state court." *Mochary v. Bergstein*, __F.4th__, 2022 WL 2962050, at *2 (2d Cir.

July 27, 2022) (citation and internal quotation marks omitted). In cases involving state and

federal courts, "the rule is that the pendency of an action in the state court is no bar to

proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Colo. River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation and internal

quotation marks omitted). In *Colorado River*, however, the Supreme Court held that under

"exceptional circumstances" a federal court may abstain from exercising jurisdiction "where an

existing parallel state-court litigation would accomplish a '*comprehensive disposition of*

*litigation*.'" *Mochary*, 2022 WL 2962050, at *3 (quoting *Colo. River*, 424 U.S. at 813) (emphasis

in original). The Supreme Court cautioned that abstention "is an extraordinary and narrow

exception to the duty of a District Court to adjudicate a controversy properly before it" and that

"[a]bdication of the obligation to decide cases can be justified under this doctrine only in the

exceptional circumstances where the order to the parties to repair to the state court would clearly

serve an important countervailing interest." *Colo. River*, 424 U.S. at 813 (citations and internal

quotation marks omitted).

Before evaluating whether *Colorado River* abstention is appropriate, a court must first determine if the federal and state court actions are parallel. *See Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)  ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Mochary*, 2022 WL 2962050, at *3 (citation and internal quotation marks omitted). If the court concludes that the suits are parallel, it must also consider the six factors identified in *Colorado River* to determine whether "exceptional circumstances" justify abstention:

> (1) whether the controversy involves a res [property] over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; 4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Mochary*, 2022 WL 2962050, at *3. Because none of the factors "is necessarily determinative," a district court must make "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colo. River*, 424 U.S. at 818. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Mochary*, 2022 WL 2962050, at *3 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)) (internal quotation marks omitted). "Only the clearest of justifications will warrant dismissal." *Colo. River*, 424 U.S. at 819; *see also Mochary*, 2022 WL 2962050, at *3.

Here, the state and federal actions are concurrent and parallel, with identical complaints against the same parties and raising the same issues. After applying the *Colorado River* factors, however, the Court concludes that abstention is not warranted.

### 1.    Exercise of jurisdiction over a res or property

The first factor is whether either the state or federal court has assumed jurisdiction over any res or property. As there is no res or property at issue, the first factor weighs in favor of the exercise of jurisdiction. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (noting that where there is no res or property or at issue, [t]his factor therefore weighs against abstention") (internal alterations omitted).

### 2.    Inconvenience of the federal forum

The second factor concerns whether the federal forum is less convenient than the state forum. "[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (citation and internal quotation marks omitted). In terms of geographic location, this Court and the state court appear to be equally convenient forums as both courts are located in Southern New York. This factor therefore militates against abstention.

### 3.    Avoidance of piecemeal litigation

The third *Colorado River* factor involves an analysis of whether the federal action must be dismissed in order to prevent piecemeal litigation. If this Court declines to abstain, it may result in piecemeal litigation with the risk of inconsistent outcomes. While this factor may weigh in favor of abstention, "the mere potential for conflicting outcome[s] between the two actions does not justify abstention under the piecemeal litigation factor." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 582 (S.D.N.Y. 2012).

### 4. Order in which the actions were filed

The fourth factor considers the chronological order in which the actions were filed. It is clear that the state-court action preceded the filing of this federal action in the Eastern District of Pennsylvania. The fourth factor does not, however, turn exclusively on the sequence in which the cases were filed, "but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. To date, there has been no activity in the state-court action other than the filing of the complaint; no party has answered or submitted any other pleading. In contrast, this Court has issued several orders concerning payment of the filing fees in this action, and Plaintiff Harewood-Bey has responded to those orders by first challenging and then complying with the orders. Where there has been limited progress in the state-court action, such as here, "the fact that the state action was commenced before the federal suit carries little weight." *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 64 (2d Cir. 1986). The fourth factor weighs against abstention.

### 5. Whether federal law supplies the rule of decision

The fifth factor considers whether state or federal law provides the rule of decision for the case. "When the applicable substantive law is federal, abstention is disfavored." *De Cisneros v. Younger*, 871 F.2d 305, 309 (2d Cir. 1989). Plaintiff Harewood-Bey's assertions that Defendants violated her religious rights in violation of the Constitution, and her attempts to sue federal actors, suggest that federal law provides the rule of decision in this case, even though state law claims may exist also. Because it appears that the applicable substantive law is federal, abstention is disfavored under the fifth factor.

### 6. Adequate protection of the plaintiffs' rights in state court

Finally, the Court addresses the sixth factor, whether the rights of the plaintiffs will be adequately protected in the state-court proceedings. In analyzing this factor, "federal courts are

to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Village of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). The Court finds no basis to conclude that the Westchester County Supreme Court is incapable of adequately protecting the interests of the plaintiffs. This factor appears to be neutral and provides no reason to abstain from exercising federal jurisdiction. *See Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) ("[T]he facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it.")

The Court has considered all of the *Colorado River* factors and finds that only one – avoiding piecemeal litigation – weighs in favor of abstention. The other five factors are neutral or weigh in favor of exercising federal jurisdiction. As the Court is not persuaded that the avoidance of piecemeal litigation outweighs the other factors, the Court concludes that *Colorado River* abstention is not warranted in this case.

**B.     Plaintiff Harewood-Bey cannot bring claims on behalf of Lisa Warburton-El and the Federation Moorish Science Temple of America**

Plaintiff Diana Harewood-Bey, who is proceeding *pro se*, seeks to bring this action on behalf of Lisa Warburton-El and the Moorish Science Temple. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'") (citations omitted). As a non-attorney, Plaintiff Harewood-Bey cannot bring claims on behalf of Warburton-El or the Moorish Science Temple. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing

9

that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted). The Court therefore dismisses any claims asserted on behalf of Lisa Warburton-El, who has not signed the complaint, and the Moorish Science Temple without prejudice. All references to Plaintiff in this order are to Harewood-Bey.

**C.      Plaintiff fails to comply with Rule 8 pleading requirements**

Plaintiff's complaint fails to satisfy federal pleading rules. She does not provide a short and plain statement showing that she is entitled to relief as required by Rule 8, or include any facts suggesting that any defendant violated her rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff essentially asserts that Defendants unlawfully harmed her, but the complaint contains no facts about what occurred or how the defendants or any other person allegedly violated her rights. As Plaintiff fails to articulate a viable legal claim, she fails to state a claim on which relief may be granted.

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court cannot say that an amendment would be futile, the Court grants Plaintiff leave to amend the complaint to state any possible viable claims.

Plaintiff brings this action without specifying the statutory basis for her claims. The complaint and supporting exhibits suggest that she is seeking to hold the Defendants liable for the termination of her employment after her employer denied her a religious exemption from the

10

COVID-19 vaccine and she refused to get vaccinated.[5] Plaintiff's assertions could be construed as a claim under the Free Exercise Clause of the First Amendment, which states that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I.[6] Plaintiff, however, alleges no facts suggesting that any of the defendants deprived her of a constitutional right. Should Plaintiff choose to amend her complaint, she must allege the events

---

[5] 42 U.S.C. § 1983 provides a vehicle for redress of a deprivation of federally protected rights by persons acting under color of state law. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Private parties are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff's assertion that Defendants violated her religious rights may implicate a claim under Section 1983. To bring claims under Section 1983 against private parties – such as Defendants Floral Agency, Biljiana Stodjadinovic, and Marie Kingsley appear to be – Plaintiff would have to allege facts suggesting that their actions could be " fairly attributable" to the state. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

[6] "The Free Exercise Clause, which applies to the States under the Fourteenth Amendment, protects religious observers against unequal treatment and against laws that impose special disabilities on the basis of religious status." *Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246, 2254, (2020) (quotation marks omitted); *see Cent. Rabbinical Cong. of U.S. & Canada v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014) ("[T]he Free Exercise Clause . . . protects the performance of (or abstention from) physical acts that constitute the free exercise of religion: assembling with others for a worship service, participating in sacramental use of bread and wine, proselytizing, abstaining from certain foods or certain modes of transportation."). A plaintiff may state a free exercise violation by alleging facts "showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable." *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022) (citation and internal quotation marks omitted). If a plaintiff is able to make such a showing, the government must then "satisfy strict scrutiny by demonstrating its course was justified by a compelling state interest and was narrowly tailored in pursuit of that interest." *Id.* (citation and internal quotation marks omitted). "[L]aws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." *Fulton v. City of Phila., Penn.*, 141 S. Ct. 1868, 1976, (2021).

giving rise to her claims and state facts showing how each defendant was personally involved in any alleged deprivation.

**D.     President Biden and Justices Thomas, Alito and Gorsuch cannot be held liable**

No matter the basis for Plaintiff's claims, there is no indication that President Biden and Justices Thomas, Alito and Gorsuch were personally involved in the underlying events giving rise to any claims she may have. To the extent she seeks to hold them liable for their presidential or judicial actions in connection with the COVID-19 vaccines, her claims against these defendants must be dismissed.

### 1.     Presidential immunity

President Joe Biden cannot be held liable for acts performed in his official capacity as President of the United States. The President of the United States "is entitled to absolute immunity from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); *Carroll v. Trump*, 498 F. Supp. 3d 422, 438-39 (S.D.N.Y. 2020). Therefore, to the extent Plaintiff is seeking to bring claims against President Biden arising out of his implementation of COVID-19 vaccine mandates, such claims are foreclosed by absolute immunity.

### 2.     Judicial immunity

Plaintiff names as Defendants Justices Clarence Thomas, Samuel Alito, and Neil Gorsuch of the United States Supreme Court. As noted above, she does not provide any facts indicating how the three judges violated her rights, but it appears that she seeks to hold them liable – possibly for their judicial rulings concerning COVID-19 vaccines. Under the doctrine of judicial immunity, however, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered

judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad

faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because,

"[w]ithout insulation from liability, judges would be subject to harassment and

intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff fails to allege any facts showing that any of the three Justices did anything to

violate her rights, much less acted beyond the scope of their judicial responsibilities or outside

their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff appears to sue the three

Justices for acts arising out of, or related to cases before them, the Justices are immune from suit

for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against

Justices Thomas, Alito, and Gorsuch under the doctrine of judicial immunity.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to provide more facts about her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses without prejudice all claims asserted on behalf of Lisa Warburton-El and the Federation Moorish Science Temple of America. The Court also dismisses Plaintiff's claims against President Biden and Justices Thomas, Alito, and Gorsuch.

Plaintiff Harewood-Bey is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1472 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2022
        New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                            Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name               Middle Initial     Last Name

_____
Street Address

_____
County, City                   State          Zip Code

_____
Telephone Number          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                               State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.