UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA HAREWOOD-BEY, et al,

                             Plaintiffs,

           -against-

PRESIDENT JOE BIDEN, et al,

                             Defendants.

22-CV-1472 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Diana Harewood-Bey, who is proceeding *pro se*, filed this action on behalf of
herself, Lisa Warburton-El, and the Federation Moorish Science Temple of America. She alleges
that Defendants violated their religious rights. On August 12, 2022, the Court directed Plaintiff to
amend her complaint within 60 days, to address deficiencies in her pleadings. Plaintiff filed an
amended complaint on September 15, 2022. For the reasons set forth below, the Court grants
Plaintiff leave to file a second amended complaint within 30 days of the date of this order.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the
Court's August 12, 2022, order. Plaintiff Harewood-Bey commenced this action by filing a
complaint captioned for the New York Supreme Court, Westchester County, in the United States
District Court for the Eastern District of Pennsylvania. She sought to bring claims on behalf of
herself, Lisa Warburton-El, and the Federation Moorish Science Temple of America ("Moorish
Science Temple") against President Joe Biden, New York Governor Kathy Hochul, Justice
Clarence Thomas, Justice Samuel Alito, Justice Neil Gorsuch, Mayor Bill de Blasio, the Floral
Agency, Biljiana Stodjadinovic, and Marie Kingsley. On January 24, 2021, the United States

District Court for the Eastern District of Pennsylvania transferred the matter to this Court because most of the parties named in the complaint are in the Southern District of New York.

Plaintiff's claims were not clearly stated, but her complaint and supporting exhibits suggested that she was seeking to hold the Defendants liable for the termination of her employment after her employer denied her a religious exemption from the COVID-19 vaccine and she refused to get vaccinated. In the August 12, 2022, order, the Court took the following actions: (1) determined that *Colorado River* abstention was not warranted in this case although Plaintiff had a state-court case pending with the same claims; (2) dismissed without prejudice all claims asserted on behalf of Lisa Warburton-El and the Moorish Science Temple because, as a non-attorney, Plaintiff could not bring claims on behalf of others; (3) held that Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure because she did not provide a short and plain statement showing that she is entitled to relief or alleging facts suggesting that any defendant violated her rights; and (4) dismissed Plaintiff's claims against President Biden and Justices Thomas, Alito, and Gorsuch because they enjoy immunity from suit. The Court, however, granted Plaintiff leave to file an amended complaint within 60 days, to allege the events giving rise to her claims and to state facts showing how each defendant was personally involved in the alleged deprivations.

In the amended complaint, Plaintiff again brings claims on behalf of Lisa Warburton-El and the Moorish Science Temple and names as defendants President Biden and Justices Thomas, Alito, and Gorsuch, along with Marie Kingsley, Biljana Stajadinovic, and the Floral Agency. She claims that Defendants violated her religious rights under the First Amendment's Free Exercise Clause and the Religious Freedom and Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, *et seq*. (ECF 11, at 2.) Plaintiff alleges that the "NY health system" has violated her "religious freedom

2

and free expression of religion" and "placed a severe burden and hardship on [her]" by rejecting her request for a religious exemption from the COVID-19 vaccine. (*Id*. at 6-7.) Plaintiff asserts that because she "knows by the Holy Scripture that there is no greater protection than the covering that Allah and [the] Prophet Noble Drew Ali provided for [her] through faith in Him," that she "politely and respectfully decline[d] the covid vaccine on the job by signing a [r]efusal to consent to the vaccination on 12-29-2020." (*Id*. at 7.) She contends that this is a new type of vaccine with unknown side effects and that the "pharmaceuticals [] have a complete immunity should people die or become paralyzed, injured etc.[,]" and that someone should be held "legally liable for forcing this new type of vaccine." (*Id*.) Plaintiff then goes on to describe her rights as a member of the Moorish Science Temple, and refers to a series of news articles concerning the Supreme Court's rejection of challenges to vaccine mandates, including New York's, and publications on the effects of the COVID-19 vaccines. Plaintiff also attaches to the amended complaint news articles and other publications about the vaccines.

Plaintiff asserts that the defendants have "injured [her] psychologically by causing physical stress unintentionally" and she "request[s] cessation of molestation of right of religious expression and right of conscience." (*Id*. at 54.) She also seeks money damages.

## DISCUSSION

### A.   **Plaintiff fails to remedy noted deficiencies**

Plaintiff's amended complaint fails to remedy the deficiencies of the original complaint that were identified in the Court's August 12, 2022, order to amend. First, as previously stated, because Plaintiff is not an attorney, she cannot bring claims on behalf of Warburton-El or the Moorish Science Temple. Second, Plaintiff's claims cannot proceed against President Biden or Justices Thomas, Alito, and Gorsuch because they cannot be held liable for their presidential or judicial actions in connection with the COVID-19 vaccines. Plaintiff's claims against these

defendants are foreclosed by absolute presidential and judicial immunity. For the reasons stated in the August 12, 2022, order, the Court again dismisses as parties from this action Warburton-El, the Moorish Science Temple, President Biden, and Justices Thomas, Alito, and Gorsuch.

Further, Plaintiff fails to provide a short and plain statement showing that she is entitled to relief as required by Rule 8, or include any facts suggesting that any of the remaining named defendants violated her rights. Plaintiff asserts that the New York health care system violated her rights under the Free Exercise Clause of the First Amendment and RFRA, by issuing a vaccine mandate. She further alleges that her employer denied her a religious exemption from the COVID-19 vaccine and that she refused to get vaccinated. Plaintiff does not, however, name any state actors as defendants with respect to her claims. Rather, her remaining defendants − the Floral Agency, Kinsley, and Stajadinovic – appear to be associated with her employment, but the Court cannot be certain, because Plaintiff provides no facts about her employment or what these defendants did to violate her rights.

## B.    Plaintiff cannot proceed under RFRA

Plaintiff cannot proceed with a claim under RFRA against the remaining defendants or any state actors. RFRA prohibits the federal government from "substantially burdening" a person's exercise of religion, "even if the burden results from a rule of general applicability," unless the Government can demonstrate that application of the burden (1) furthers a compelling interest; and (2) is the least restrictive means of furthering that interest. *Gonzales v. O'Centro Espirata Benificiente Uniao do Vegetal*, 546 U.S. 418 (2006) (citing 42 U.S.C. § 2000bb-1(a)). RFRA, however, does not regulate conduct by state actors because the Supreme Court invalidated RFRA as applied to states and their subdivisions. *See City of Boerne v. Flores*, 521 U.S. 507, 515-516 (1997); *see also Holt v. Hobbs,* 574 U.S. 352, 357 (2015) (RFRA exceeded Congress' power under Section 5 of the Fourteenth Amendment.). RFRA remains operative only

as to the federal government. *See Cutter v. Wilkinson*, 544 U.S. 709, 715 n.2 (2005). Because

Plaintiff brings claims concerning New York's vaccine mandate, a claim under RFRA is not

implicated. Plaintiff's RFRA claim therefore must be dismissed for failure to state a claim on

which relief may be granted.

## C.    Plaintiff fails to state a Free Exercise Clause claim

Plaintiff next contends that Defendants violated the Free Exercise Clause of the First

Amendment.[1] Constitutional claims, such as Plaintiff's Free Exercise claim under the First

Amendment, must be brought under 42 U.S.C. § 1983. To state a claim under Section 1983, a

plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States

was violated, and (2) the right was violated by a person acting under the color state law, or a

"state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not liable

under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood*

*Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v.*

*Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates

---

[1] "The Free Exercise Clause, which applies to the States under the Fourteenth
Amendment, protects religious observers against unequal treatment and against laws that impose
special disabilities on the basis of religious status." *Espinoza v. Mont. Dep't of Revenue*, 140 S.
Ct. 2246, 2254, (2020) (quotation marks omitted); *see Cent. Rabbinical Cong. of U.S. & Canada
v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014) ("[T]he Free
Exercise Clause . . . protects the performance of (or abstention from) physical acts that constitute
the free exercise of religion: assembling with others for a worship service, participating in
sacramental use of bread and wine, proselytizing, abstaining from certain foods or certain modes
of transportation."). A plaintiff may state a free exercise violation by alleging facts "showing that
a government entity has burdened his sincere religious practice pursuant to a policy that is not
neutral or generally applicable." *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022)
(citation and internal quotation marks omitted). If a plaintiff is able to make such a showing, the
government must then "satisfy strict scrutiny by demonstrating its course was justified by a
compelling state interest and was narrowly tailored in pursuit of that interest." *Id.* (citation and
internal quotation marks omitted). "[L]aws incidentally burdening religion are ordinarily not
subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally
applicable." *Fulton v. City of Phila., Penn.*, 141 S. Ct. 1868, 1876 (2021).

only the Government, not private parties."). Plaintiff does not allege any facts in the amended complaint suggesting that the remaining defendants are state actors or were otherwise involved in state action. *See Nyamoti v. Mount Sinai Hosp.*, No. 21-CV-8020 (JPO), 2022 WL 3156182, at *3 (S.D.N.Y. Aug. 8, 2022). ("To make out a constitutional claim under Section 1983, a plaintiff must first establish that the challenged conduct constitutes state action.") (citation and internal quotation marks omitted). Because Plaintiff does not allege any facts from which the Court can infer anything about the Floral Agency, Kinsley, or Stajadinovic, much less state action, she fails to state a Free Exercise claim against these defendants.

**D.     Plaintiff's claims may implicate Title VII of the Civil Rights Act of 1964**

Plaintiff's alleged religious discrimination claims arising from her employment may implicate a claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual" in his or her employment "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The statute also requires employers to offer reasonable religious accommodations that do not cause undue hardship. *See* 42 U.S.C. § 2000e(j).

**1.     Pleading requirements**

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff alleges that she declined to take the vaccine, which led to the termination of her employer. However, she does not allege facts showing that her religion was the motivating factor in the employment decision. Should she choose to proceed with a claim under Title VII, Plaintiff must allege facts suggesting that her employer fired her because of her religion.

### 2.    Individuals cannot be sued under Title VII

If Plaintiff chooses to pursue claims under Title VII, she should note that individuals are not subject to liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998). However, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under state law, such as the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. *Tomka*, 66 F.3d at 1317; *see Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004). Therefore, if Plaintiff chooses to sue any individual defendant for employment discrimination, she must allege facts explaining how each named individual defendant actually participated in the conduct giving rise to her discrimination claims in violation of state law.[2]

---

[2] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it " has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because it is not clear whether Plaintiff can state any federal claims, the Court will determine at a later stage whether or not to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

**3.    Exhaustion of administrative remedies**

Before filing suit under Title VII, a plaintiff must file a timely charge with the Equal

Employment Opportunity Commission (EEOC) or appropriate state or local agency, and obtain a

Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). A plaintiff must

commence a civil action within 90 days of receipt of notice of dismissal or termination of

proceedings by the EEOC. *See id*. § 2000e-5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466

U.S. 147, 149 (1984).

The exhaustion of these administrative remedies is not, however, a jurisdictional

requirement, but rather, like a statute of limitations, is subject to waiver, estoppel, and equitable

tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Fort Bend

Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not

jurisdictional. . . ."); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir.

2018) ("[T]he burden of pleading and proving Title VII exhaustion lies with defendants and

operates as an affirmative defense.").

Plaintiff does not explain in her complaint whether she has done anything to pursue a

Title VII claim, including the exhaustion of her administrative remedies. If Plaintiff has

exhausted her administrative remedies with the EEOC, she should complete the relevant section

on the second amended complaint form, which includes questions addressing administrative

remedy exhaustion.

**E.    Plaintiff is granted leave to amend**

The Court dismisses as parties from this action Plaintiff Warburton-El and the Moorish

Science Temple, and Defendants President Biden, and Justices Thomas, Alito, and Gorsuch. The

Court also dismisses Plaintiff's RFRA and Free Exercise claims. The Court grants Plaintiff leave

to submit a second amended complaint to provide facts that may state a claim against the Floral

Agency under Title VII, or against any of the remaining defendants under any other relevant statute. In the amended complaint, Plaintiff must describe what each defendant did or failed to do to violate her rights. She should limit her assertions only to the facts leading to the termination of her employment. If Plaintiff persists in naming in the second amended complaint any of the parties that have been dismissed from this action, the Court will summarily dismiss the second amended complaint.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting her employment discrimination claims. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.[3]

---

[3] Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the amended complaint must be repeated in the second amended complaint.

## CONCLUSION

The Court dismisses without prejudice all claims asserted on behalf of Lisa Warburton-El and the Federation Moorish Science Temple of America. The Court also dismisses Plaintiff's claims against President Biden and Justices Thomas, Alito, and Gorsuch based on absolute immunity.

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-1472 (LTS). A Second Amended Complaint for Employment Discrimination form and a Second Amended Civil Rights Complaint form are attached to this order. Plaintiff must complete the form that is relevant to her claims and submit it to the court. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, this action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# Notice For
# Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes  ☐ No

## SECOND AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.     PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial          Last Name

Street Address

County, City                                        State                          Zip Code

Telephone Number                              Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State            Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State            Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.  ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? _____

When did you receive the Notice? _____

☐ No

## VI.  RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____              _____
Dated                                                     Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Street Address

_____
County, City                                 State                    Zip Code

_____
Telephone Number                            Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

    If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City                State                Zip Code


_____
Telephone Number                E-mail Address


_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

## SECOND AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                      Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 2: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 3: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

Page 6

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.